# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| LUIS ILLARRAZA, | |
| Plaintiff, | 1:08-cv-59 |
| v. | |
| HOVENSA, L.L.C., ANTHONY CRANE INTERNATIONAL, L.P., UNITED STEELWORKERS LOCAL UNION #8248, UNITED STEELWORKERS OF AMERICA, | |
| Defendants. | |
| JOSE M. ILLARAZA, | |
| Plaintiff, | 1:07-cv-125 |
| v. | |
| ANTHONY CRANE INTERNATIONAL, HOVENSA, and UNITED STEELWORKERS UNION, | |
| Defendants. | |

TO:    Lee J. Rohn, Esq.
        Eszart A. Wynter, Sr., Esq.
        Stephanie L. Adler, Esq.
        David J. Cattie, Esq.
        Michael J. Sanford, Esq.

## ORDER REGARDING MOTION TO COMPEL

THIS MATTER came before the Court upon Plaintiff Luis Illarraza's[1] Motion to Compel Defendant United Steel Workers Local Union #8248 to Supplement its Responses to Discovery (1:08-cv-59, Docket No. 161; 1:07-cv-125, Docket No. 154). The time for filing a response has expired.

Said Plaintiff alleges that, after Defendant United Steelworkers Local Union 8248 responded to said Plaintiff's written discovery requests, said Plaintiff notified said Defendant that he considered such responses insufficient. Said Plaintiff further alleges that the parties conducted a meet and confer, during which Plaintiff enumerated the specific discovery requests at issue and wherein said Defendant either agreed to supplement a specific response or to stand by its original response. Motion, at Exhibit 2 (correspondence dated April 19, 2010.

The Court notes that the parties have not filed a stipulation pursuant to LRCi 37.2, but finds that the affidavit of counsel for said Plaintiff conforms to LRCi 37.2(c)(1), and, thus, the Court will consider the motion.

---

[1] Despite the fact that the motion refers to *Plaintiffs* in the plural and fails to differentiate between Plaintiff Luis Illarraza and Plaintiff Jose M. Illarraza, the correspondence and proposed joint stipulation attached as exhibits to said motion reference and contain the case caption for Luis Illarraza only. Thus, the Court concludes that the motion is filed on behalf of Plaintiff Luis Illarraza, 1:08-cv-59, and not Plaintiff Jose M Illaraza, 1:07-cv-125.

In the absence of any opposition, the Court accepts the representations made by said Plaintiff as contained within Exhibit 2 filed with the motion. The Court makes the following findings and conclusions regarding the discovery at issue:

**Interrogatory Nos. 2 and 3:** Said Defendant shall supplement as offered.

**Interrogatory No. 17:** Said Defendant shall supplement regarding substantially similar lawsuits, claims, and/or complaints, filed since 2005, involving allegations of breach of duty of fair representation where the person making the complaint was employed by a subcontractor at the HOVENSA refinery and arrested for theft from HOVENSA, LLC, leading to the deactivation of the person's badge prohibiting that person from gaining entrance onto HOVENSA, LLC's property and being suspended by the person's employer.

**Demand For Production No. 3 and 13:** Said Defendant shall supplement with any documents that are identified by its supplemental response to Interrogatory No. 17, as described and ordered herein, and limited to the years 2005 to the present.

**Demand For Production No. 4:**   Defendant shall supplement as offered.

**Demand For Production No. 5:**   Defendant shall supplement as offered

**Demand For Production Nos. 10 and 16:**   Defendant shall supplement as offered.

**Demand For Production No. 20:**   Defendant has responded adequately to this demand. No further response is necessary.

**Demand For Production No. 37:**   Defendant has responded adequately to this demand. No further response is necessary.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff Luis Illarraza's Motion to Compel Defendant United Steel Workers Local Union #8248 to Supplement Its Responses to Discovery (1:08-cv-59, Docket No. 161) is **GRANTED IN PART AND DENIED IN PART**.

2. Said Defendant shall supplement as directed hereinabove, specifically, Interrogatory Nos. 2, 3, and 17; and, Demand For Production Nos. 3, 4, 5, 10, 13, and 16, within ten (10) days from the date of entry of this order.

3. The motion as filed in 1:07-cv-125 (Docket No. 154) shall be terminated as improperly filed in that matter.

ENTER:

Dated: June 16, 2010          /s/ George W. Cannon, Jr.
                              GEORGE W. CANNON, JR.
                              U.S. MAGISTRATE JUDGE