# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **LUIS ILLARAZA,** ) | |
| ) | |
| Plaintiff, ) | **CIV. NO.: 2008-CV-59** |
| v. ) | |
| ) | **(Consolidated Cases)** |
| **HOVENSA, L.L.C., ANTHONY CRANE** ) | |
| **INT'L., L.P., UNITED STEELWORKERS** ) | |
| **LOCAL UNION #8248, UNITED** ) | |
| **STEELWORKERS OF AMERICA** ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| ) | **Civ. No. 2007-CV-125** |
| **JOSE ILLARAZA,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **ANTHONY CRANE INTERNATIONAL,** ) | |
| **HOVENSA and UNITED STEELWORKERS** ) | |
| **UNION,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM OPINION

Finch, Senior Judge

     THIS MATTER is before the Court on Defendant Anthony Crane International's ("ACI"

or "Defendant") Motion to Dismiss Plaintiff Jose Illaraza's ("Plaintiff" or "Illaraza") claims

against ACI on the grounds that (1) the claim alleged in Count I is preempted by the Labor

Management Relations Act § 301, 29 U.S.C. § 185 ("LMRA"); and (2) the claims alleged in

Counts II to VI fail to state a claim upon which relief can be granted.  Plaintiff opposes the

Motion to Dismiss.  For the reasons stated below, the Defendant's Motion will be GRANTED.

# I.     Background

This action was initiated by Plaintiff Jose Illaraza in the Superior Court of the Virgin Islands on October 31, 2007 and removed to this court on November 20, 2007.  The following facts are set forth in Plaintiff's complaint.

Plaintiff was an employee of ACI when the incident underlying his cause of action arose. On August 9, 2006, Plaintiff was directed by a supervisor at ACI to move certain equipment, including an air conditioning unit, and Plaintiff did as instructed. (Compl. ¶ 10.)   On the same day, Plaintiff was told to report to a job site at Iqra School, Estate Mountain in Frederiksted the following day.  (Compl. ¶ 11.)  On August 10, 2006, while on the job site of the location, Plaintiff was directed to assist in moving an air conditioner unit from the cab of a tractor trailer to a pick-up truck operated by his supervisor.  While moving the air conditioner, Plaintiff was confronted by employees of HOVENSA who accused Plaintiff of stealing HOVENSA's property, the air conditioning unit.  (Compl. ¶ 13.)[1]   The HOVENSA employees summoned the Virgin Islands Police and Plaintiff was subsequently arrested and an information was filed against Plaintiff charging him with grand larceny and possession of stolen property.  (Compl. ¶ 9, 15.)  As a result of the charges filed against Plaintiff, ACI terminated Plaintiff's employment. (Compl. ¶ 18.) Plaintiff alleges that such termination was done without a finding of Plaintiff's guilt and "without a determination of the nature of Plaintiff's involvement with respect to any criminal allegations."  (Compl. ¶ 20.)    Subsequently, the criminal complaint against Plaintiff was dismissed.  (Compl. ¶ 46.)  After the charges were dismissed, ACI recommended that Plaintiff be reinstated as an employee but HOVENSA objected to the reinstatement, asserting

---

[1] Plaintiff does not explain the relationship between ACI and HOVENSA but indicates that "the base of operation of Anthony Crane International is within the compound of HOVENSA, located at #1 Estate Hope, Christiansted, Virgin Islands 00820-5652."  (Compl. ¶ 29.)

that the Plaintiff would not be granted access to HOVENSA's compound to continue his employment. (Compl. ¶ 47-49.) The agent of HOVENSA reaffirmed HOVENSA's accusation that Plaintiff was involved with the theft of HOVENSA property. (Compl. ¶ 49.)

Based on these allegations, Plaintiff brings the following claims in this action: (1) wrongful discharge (Count I); (2) unlawful arrest (Count II); (3) unlawful interference with employment relations (Count III); (4) defamation (Count IV); (5) malicious prosecution (Count V); and (6) breach of duty of fair representation and breach of the collective bargaining agreement (Count VI).

## II. Standard of Review

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff to "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted.) To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide enough factual allegation such that the defendant is given fair notice of the grounds on which the claim rests. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). This requirement "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id*. (citing *Twombly*, 550 U.S. at 556) (internal quotations omitted).

## III. Discussion

### A. Wrongful discharge and breach of the CBA

Defendant argues that Count I of Plaintiff's complaint for wrongful discharge is preempted under § 301 of the LMRA and therefore must be dismissed. (Def. Mot. to Dismiss 3.)[2]

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Section 301 has been understood as more than simply a grant of jurisdiction over labor contracts in federal courts. Rather it has been interpreted as "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). With that mandate in mind, the Supreme Court has held that when a plaintiff alleges a breach of the CBA, such a claim must be adjudicated pursuant to § 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) ("a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law" (citing *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962). In Count I, Plaintiff alleges that ACI breached the collective bargaining agreement, and thus the claim of breach of contract under local law is preempted by § 301.

A preempted § 301 claim "must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers* 471 U.S. at 220. Ordinarily, when an employee is hired pursuant to a CBA, the plaintiff must exhaust all grievances or arbitration remedies provided in the collective bargaining agreement and is bound by the result of those

---

[2] Defendant also argues that count VI should be dismissed for failure to state a claim. (Def. Mot. to Dismiss 11.)

proceedings. *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 163-64 (1983) (citations omitted). However when the union representing the employee acts in a "discriminatory, dishonest, arbitrary, or perfunctory fashion [so] as to breach its duty of fair representation," then plaintiff can bring a "hybrid" § 301 claim against both employer and the union, notwithstanding the outcome of any grievance proceedings. *Id.* at 164. "A "hybrid" section 301 action is one in which a union member sues his or her employer for breaching its contractual obligations under the collective bargaining agreement and the union for breaching its duty of fair representation." *Beidleman v. Stroh Brewery Co.*, 182 F.3d 225, 236 (3d Cir. 1999) (citing *DelCostello*, 462 U.S. at 164-65; *United Steelworkers of America v. Crown Cork & Seal Co.*, 32 F.3d 53, 58 (3d Cir.1994)). In order to prevail on a hybrid claim, "the plaintiff will have to prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa." *Acosta v. Hovensa, LLC*, 2010 WL 695963, at *4 (D.V.I. Feb. 23, 2010) (citing *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir.1993)).

In the Court's view, Plaintiff's complaint contains allegations that articulate a hybrid § 301 claim: Plaintiff alleges a violation of the CBA by ACI and a breach of fair representation by the Union.[3] Thus, although the state law wrongful discharge claim is preempted, the wrongful conduct of ACI in terminating Plaintiff pursuant to the CBA is still before the Court. The Court will now consider Defendant's argument that Plaintiff has failed to state a violation of the CBA sufficient to support a § 301 claim.

## 1. Breach of CBA by ACI

---

[3] In Count II, Plaintiff alleges that the discharge was "without reasonable cause and constitutes an unlawful practice in violation of the provisions of the collective bargaining agreement . . . ." (Compl. ¶ 22.) in Count VI, Plaintiff alleges that his termination was "in breach of the collective bargaining agreement." (Compl. ¶ 87.) Both counts allege that termination was a violation of the CBA.

Plaintiff alleges that ACI's decision to terminate Plaintiff based on HOVENSA's accusations of criminal conduct violated the CBA. (Compl. ¶¶ 19-22.) Specifically, Plaintiff attributes his termination by ACI to the "arrest and the filing of criminal charges" by HOVENSA (Compl. ¶¶ 43-44.) Plaintiff asserts that he did not engage in criminal activity but was merely following the orders of his supervisor to move an air-conditioner. (Compl. ¶ 21.) Plaintiff suggests that ACI had the duty to undertake its own investigation into his involvement in the alleged criminal activity, or to act in response to an "affirmation" of Plaintiff's guilt prior to terminating Plaintiff. (Compl. ¶ 20.) Plaintiff also argues that ACI wrongfully failed to reinstate him. (Compl. ¶ 96.) In support of the latter proposition, Plaintiff proffers a letter from Rocco Colabella of HOVENSA addressed to Mr. James Workman of ACI, quoting ACI's reference to its obligations under the CBA:

> I am in receipt of your letter regarding the reinstatement of suspended employees. In your letter you stated "in light of the dismissal of charges by HOVENSA, ACI in accordance with our collective bargaining agreement with the USW must return both men to their positions." The foregoing statement should be corrected as HOVENSA did not dismiss any charges. We note that the Government dismissed the case without prejudice electing not to prosecute the individuals. Please be advised that due to the admitted theft of HOVENSA property, a violation of our Plant Rules and Procedures, we cannot grant access to the refinery to the individuals.

(Compl., Ex. A, Letter dated Aug. 16, 2007.)

Defendant ACI claims that the termination was not in breach of the CBA because Plaintiff had been denied workplace clearance by HOVENSA, and Plaintiff, as an employee of ACI was required to have "workplace clearance" to be employed. (Def. Mot. to Dismiss at 5-6.)[4] As the letter proffered by Plaintiff indicates,[5] and as Plaintiff asserts, HOVENSA denied

---

[4] Pursuant to Article II, section 3.1 of the CBA, "all employees must have workplace clearance to be employed" by ACI. (Def. Mot. to Dismiss, Ex. 1.)
[5] The Court is aware that the letter proffered by Plaintiff is of limited evidentiary value as it does not specifically identify the individuals to whom HOVENSA denied workplace clearance. However, Plaintiff proffers the letter as

Plaintiff "workplace clearance." The Court finds that, given HOVENSA's refusal to grant Plaintiff workplace clearance, i.e., access to the HOVENSA compound, following Plaintiff's arrest, Plaintiff was not employable pursuant to the terms of the CBA. The letter referenced by Plaintiff also makes clear that HOVENSA did not retract its decision to deny Plaintiff clearance even when the charges against Plaintiff were dropped. Thus, Plaintiff has not asserted facts that show that ACI breached the labor contract and Plaintiff's § 301 claim must be dismissed.

### B. Unlawful Arrest

Plaintiff asserts that "[t]he agents and employees of HOVENSA procured the arrest of Plaintiff by summoning the Virgin Islands Police and informing the Police that Plaintiff was engaged in the theft of HOVENSA's property." (Compl. ¶ 33.) Plaintiff asserts that he was operating under instructions of his supervisor and denies that he was engaging in any criminal activity. (Compl. ¶ 31, 36.) Plaintiff asserts that HOVENSA did not have reasonable cause to believe that Plaintiff had committed any offense. (Compl. ¶ 36.) The Court finds that Plaintiff cannot sustain this claim because a private party cannot be liable for false arrest. *See Charleswell v. Bank of Nova Scotia*, 44 V.I. 36, 41, 2001 WL 1464759, at *2 (Terr. Ct. 2001) (explaining that because private parties are not responsible for obtaining arrest warrants, a claim that an arrest was without good cause cannot be brought against them (citing *Monrose v. B and O Enterprises*, 26 V.I. 168, 170 (Terr.Ct.1991)).

### C. Unlawful interference with employment relations

---

evidence of communications between ACI and HOVENSA regarding Plaintiff and another individual, and thus for purposes of resolving this motion, the Court accepts Plaintiff's assertion that the letter refers to Plaintiff as one of the individuals cited by HOVENSA.

Count III of Plaintiff's Complaint alleges that "[t]he actions of Hovensa in denying Plaintiff access to the Hovensa Compound to pursue his lawful employment constitutes an unlawful interference with the terms of the Collective Bargaining Agreement between Defendant United Workers Union, Defendant Anthony Crane International and Plaintiff." It is clear that this claim is directed towards HOVENSA and not against ACI and is thus dismissed as to ACI.[6]

### D. Defamation

A plaintiff establishes a claim for defamation under Virgin Islands law by pleading facts which establish these four elements: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of "special harm" or the existence of "special harm" caused by the publication." *James v. Morgan*, 2008 WL 5211408, at *3 (D.V.I. Nov. 5, 2008)(citing Restatement (Second) of Torts § 558; *Manns v. The Leather Shop Inc.*, 960 F. Supp. 925, 929 (D.V.I. 1997)). A disparaging remark that tends to harm someone in his business or profession is actionable irrespective of harm as such a remark falls within the definition of slander or defamation per se. *VECC Inc. v. Bank of Nova Scotia*, 296 F. Supp. 2d 617, 623 (D.V.I. 2003) (citing *Ross v. Bricker*, 770 F. Supp. 1038, 1042 (D.V.I. 1991)).

In this case, Plaintiff has failed to state a claim as to ACI because Plaintiff has not attributed any false and defamatory statement to ACI. The Court rejects Plaintiff's argument that

---

[6] In the Virgin Islands, the restatements of law are applicable absent local law to the contrary. 6 V.I.C. § 4. Pursuant to the Restatement (Second) of Torts § 766 (2010), intentional interference with the performance of a contract by a third person occurs when one "intentionally and improperly interferes with the performance of a contract . . . between another and a third person by inducing or otherwise causing the third person not to perform the contract." As § 766 applies to the person who interferes with the contract, in this case allegedly HOVENSA, and not the third party, in this case, ACI, this claim can only be directed toward HOVENSA.

dismissal is not warranted because the "degree of ACI's involvement . . . cannot be determined until Plaintiff has been permitted to discover and present the evidence." (Opp. at 7.) As stated above, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide enough factual allegations such that the defendant is given fair notice of the grounds on which the claim rests. *Phillips*, 515 F.3d at 233 (citations omitted). In this case, defendant has no notice of the grounds on which the claim rests, nor does Plaintiff allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* Thus, Plaintiff's claim for defamation as to ACI must be dismissed.

### E. Malicious Prosecution

A cause of action for malicious prosecution will lie against a private person who (1) initiated the institution of the proceedings against another who is not guilty of the offense charged; (2) without probable cause; (3) primarily for a purpose other than bringing the offender to justice when (4) those proceedings have terminated in favor of the accused. Restatement (Second) of Torts § 653 (1977)). *See also Airlines Reporting Corp. v. Belfon*, 351 F. Supp. 2d 326, 328 (D.V.I. 2004) (setting forth the cause of action pursuant to Rest. 2d Torts § 653; *Charleswell v. Bank of N.S.*, 44 V.I. 36, 41 (Terr. Ct. 2001) (same)).

The Court notes that the Complaint does not contain any factual assertions regarding ACI's role in the "institution of the proceedings" against Plaintiff. In the description of the events leading up to Plaintiff's arrest, Plaintiff alleges that HOVENSA's employees and agents accused Plaintiff of theft and summoned the police. (Compl. ¶¶ 7-16.) Moreover, in Count V, Plaintiff does not identify ACI in the allegations contained therein. Instead, Plaintiff broadly alleges that "Defendants by and through their agents and employees, maliciously and without

reasonable cause or justification procured the arrest of the Plaintiff and the prosecution of the Plaintiff by the People of the Virgin Islands." (Compl. ¶ 72.) The Court finds that in the context of the reported facts regarding Plaintiff's arrest, "defendants" must refer to HOVENSA. The Court finds that because Plaintiff has failed to allege that ACI played a role in instituting the criminal proceedings against Plaintiff, Plaintiff has failed to state a claim against ACI for malicious prosecution.

## IV.    Conclusion

Plaintiff's claim against ACI for wrongful discharge is preempted by § 301 of the LMRA. Furthermore, Plaintiff has failed to assert a breach of the labor agreement by ACI and thus the § 301 claims alleged in count I and count VI are dismissed without prejudice. Plaintiff's claim against ACI for unlawful arrest (count II) fails as a matter of law and is dismissed with prejudice. The allegation of unlawful interference with employment relations (count III) does not implicate ACI, and must be dismissed as to ACI. Plaintiff has failed to allege facts sufficient to state a claim of defamation (count  IV) and malicious prosecution (count V) against ACI, and therefore, those claims are dismissed without prejudice as to ACI. An appropriate Order will be issued in conjunction with this Opinion.

**ENTER**:

Dated: July 30, 2010

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE