**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

**JOSE ILLARAZA,**

Plaintiff,

v.

**ANTHONY CRANE INT'L, HOVENSA, L.L.C., UNITED STEELWORKERS LOCAL UNION #8248, UNITED STEELWORKERS OF AMERICA**

Defendants.

**CIV. NO.: 2007-CV-125**

**(Consolidated Cases)**

---

**LUIS ILLARAZA,**

Plaintiff,

v.

**ANTHONY CRANE INT'L, HOVENSA and UNITED STEELWORKERS UNION,**

Defendants.

**Civ. No. 2008-CV-59**

---

**MEMORANDUM OPINION AND ORDER**

Finch, Senior Judge

## I. Introduction

THIS MATTER is before the Court on the motion of plaintiff Luis Illaraza ("plaintiff" or "Luis") to strike the affidavit of Rocco Colabella that was offered in support of defendant Hovensa's motion for summary judgment. Plaintiff contends that the affidavit is a "sham" and specifically objects to the affidavit on the following grounds: portions of the affidavit are irrelevant, Colabella cites to documents that do not appear in the record, portions of his affidavit are contradicted by statements he made in his deposition, and the affidavit contains legal conclusions of law. Defendant Hovensa ("defendant" or

"Hovensa") opposes the motion, contending that Colabella's statements were based on personal knowledge, that the law did not require defendant to attach documents referenced in the affidavit, that Colabella did not "flatly" contradict his deposition testimony, and that background information provided in the affidavit should not be stricken from the record. In addition, Hovensa contends that the motion to strike was improper and not made in good faith and asks the Court to grant its costs and fees associated with responding to the motion.

## II. Discussion

### A. Motions to Strike Under Rule 56(e)

Pursuant to Fed. R. Civ. P. 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56 (e) of the Federal Rules of Civil Procedures provides the Court with guidance on how to respond if a party fails to properly comply with Rule 56 (c). It states that the Court may

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

"Although Rule 56(e) . . . does not specifically provide for a motion to strike, courts have held that a party wishing to challenge an opponent's affidavits for containing defects under Rule 56(e) should move to strike the affidavits or else waive any objection to the defects." *Coleman v. Cerski*, 2007 WL 2908266, at *3 (M.D. Pa. Oct. 4, 2007) (citing *In Re Unisys Sav. Plan Litig*., 74 F.3d 420, 437 n. 12 (3d Cir.1996); *Grine v. Coombs*, 214 F.R.D. 312, 338-39 (W.D.Pa.2003)).

In this case, plaintiff asks the Court to strike the affidavit in whole or in part.

**1. The Sham Affidavit Doctrine**

The "sham affidavit doctrine" prevents a party from creating a material issue of fact to defeat summary judgment "by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict." *Jiminez v. All American Rathskeller, Inc.* 503 F.3d 247, 251 (3d Cir. 2007) (citations omitted).[1] The Court may disregard contradictory affidavits when determining whether there is any genuine issue of material fact. *Id*. However, the Third Circuit adopts a "flexible" approach to enforcing this doctrine that allows the affiant to offer an explanation:

> When there is independent evidence in the record to bolster an otherwise questionable affidavit, courts generally have refused to disregard the affidavit. Such corroborating evidence may establish that the affiant was understandably mistaken, confused, or not in possession of all the facts during the previous deposition. We have also held that an affiant has the opportunity to offer a satisfactory explanation for the conflict between the prior deposition and the affidavit. When a party does not explain the contradiction between a subsequent affidavit and a prior deposition, it is appropriate for the district court to disregard the subsequent affidavit and the alleged factual issue in dispute as a sham, therefore not creating an impediment to a grant of summary judgment based on the deposition.

*Id.*at 254 (internal quotations and citations omitted).

While the sham affidavit doctrine states that a contradictory affidavit cannot be used to defeat summary judgment, the Court assumes for purposes of this motion that facts alleged in an affidavit that contradict the affiant's prior sworn statements likewise cannot be used to *support* summary judgment. The party moving for summary judgment has the initial burden of setting forth facts showing that it is entitled to judgment as a matter of law, a burden that cannot be sustained where there are material facts that are clearly contradicted in a prior sworn statement such as a deposition. *See Fair v. Prime Sec.*

[1] While, "the Federal Rules do not address the handling of contradictory affidavits in summary judgment proceedings," Rule 56 does provide for scrutiny of affidavits by the Courts and permits the Court to order sanctions against the offending party. *Id*. at 251. Rule 56 (h) provides in pertinent part that "[i]f satisfied that an affidavit or declaration under this rule is submitted in bad faith . . . [a]n offending party or attorney may also be held in contempt or subjected to other appropriate sanctions."

*Distributors, Inc*., No. 96-1989, 1997 WL 810005, at *2 (6th Cir. Dec. 29, 1997) ("Just as we do not allow parties who have been deposed to create material fact issues simply by submitting later contradictory affidavits, we will not permit defendants to disavow material fact issues simply by contradicting their own prior testimony."). Defendant opposes plaintiff's argument on the basis of sham affidavit on the ground that the statements cited by plaintiff do not "flatly" contradict Colabella's deposition testimony. *See, e.g., Lytle v. Capital Area Intermediate Unit,* 2009 WL 82483, at *1 (M.D. Pa. Jan. 9, 2009) (quoting *Martin v. Merrell Dow Pharm., Inc*., 851 F.2d 703, 705-06 (3d Cir.1988)) ("Courts disregard such 'sham affidavits' when the affidavit 'flatly contradicts' a deposition 'without satisfactory explanation.'").

Plaintiff alleges that paragraphs 8, 9, 10, 11, and 16 contain contradictory statements and thus must be stricken. The Court will review each paragraph.

In *paragraph 8*, Colabella asserts:

> HOVENSA did not interview or select Luis Illaraza or Jose Illaraza prior to their hire with ACI. HOVENSA did not set the hourly wage rates listed in the Collective Bargaining Agreement between ACI and the United Steel Workers Union. HOVENSA was not a party to the Collective Bargaining Agreement that controlled the terms and conditions of Luis and Jose Illaraza's employment with ACI.

(Colabella Aff. ¶ 8.)

Plaintiff contends that, according to Colabella's deposition and that of another individual only identified as "Workman," ACI could not hire Luis without Hovensa's approval and without a Hovensa work request allowing ACI to fill the position with Hovensa's approval of the person hired. (Mot. at 6 (citing Ex. 10, Workman Dep. ¶ 16; Ex. 1, Colabella Dep. at 23, 75-76.)[2] Even if true (which the Court

[2] Plaintiff has not filed the exhibits cited herein along with this motion, nor identified where the exhibits have been filed. The Court was compelled to search the record to find the exhibits. Presumably, Ex. 1 refers to Luis' exhibits filed in opposition to summary judgment. However, the Court cannot locate the specific portion of Colabella's Dep. The Court also cannot identify the "Ex. 10, Workman Dep." Exhibit 10 filed in support of Luis' summary judgment motion is not labeled but appears to be the deposition of "Mr. Alcorn" not Workman. Neither is the Workman deposition attached as exhibit 10 to Hovensa's exhibits filed in support of its motion for summary judgment. The sloppiness in filing presents yet another obstacle to resolving this matter.

cannot definitively determine given the ambiguous notation of exhibits filed herein), the Court finds that Hovensa's approval is not the equivalent of conducting an "interview" of plaintiffs or "selecting" them for an interview or employment. It is not contradictory. The same holds true regarding the Collective Bargaining Agreement—the fact that the Union spoke to Hovensa's CFO to resolve issues at the plant, or that ACI and the Union had to work with pre-set Hovensa rates for ACI to provide cranes and operators, does not contradict the statement that HOVENSA was not a party to the Collective Bargaining Agreement.

In *paragraph 9*, Colabella asserts:

> HOVENSA does not direct the day to day tasks of ACI employees. ACI supervisors are required to direct the day to day tasks of its employees, evaluate its employees and ensure that its employees are meeting ACI's expectations.

(Mot. at 7 (citing Ex. 1, Colabella Dep. at 42-43.)

Plaintiff contends that in his deposition, Colabella stated that Hovensa's Material Manager, Gary Miller, had oversight of the Waste Site where ACI employees worked, and that "Hovensa Environmental Group" had regulatory oversight of the Waste Site to make sure that ACI complied with environmental standards. In addition, Colabella, according to plaintiff, stated that Hovensa inspected the Waste Site and ACI's paperwork and reviewed procedures with ACI employees. The Court finds that this testimony is not directly contradictory. The fact that Hovensa enforces compliance with environmental standards on the premises of its refinery does not contradict the statement that Hovensa does not direct the day-to-day tasks of ACI employees.

In *paragraph 10*, Colabella asserts:

> ACI owned the equipment that it used in the refinery.

Plaintiff states that the statement in paragraph 10 is contradictory because Hovensa provided work trailers and the Riggers shack, as well as an air conditioner for the trailer. The word "equipment"

does not necessarily include a structure such as a work trailer or shack or an air-conditioner. Accordingly, the Court finds no contradiction.

In *paragraph 11*, Colabella asserts:

> All individuals working in the refinery, regardless of their employer, must take a safety class offered by either an authorized subcontractor of HOVENSA providing such classes, or by their employer having an established safety education program. HOVENSA has an interest in ensuring that the people who work in the refinery are safe. It is HOVENSA's obligation that all individuals who perform work on its property are doing so safely and [in] accordance with OSHA Standards and HOVENSA's safety rules.

Plaintiff attacks this statement on the grounds that it is incomplete. Even if true, that does not constitute a contradiction. This attack on paragraph 11 is thus without merit.

In *paragraph 16*, Colabella asserts:

> Based on all the information HOVENSA had gathered up to the time of Luis Illaraza's and Jose Illaraza's arrests, I believed, in good faith, that Luis Illaraza and Jose Illaraza, assisted Noelien in stealing an air conditioner belonging to HOVENSA so that Noelien could take it home for his personal use. I did not know the Illaraza's personally prior to August 10, 2006 and had no ill will toward them at all. When I was told of the anonymous tip, I did not know which individuals were involved in the plan to remove the property from HOVENSA.

Plaintiff identifies the problem here as "contradiction by omission." According to plaintiff, Colabella fails to explain that he knew of the Illarazas before this incident because Jay Galindo had mentioned their names as individuals suspected of stealing materials from the refinery. The Court finds that "contradiction by omission" is a confusing allegation, but what plaintiff appears to assert is that Colabella knew of the Illarazas or bore them some ill will because of the statements made by Galindo and that thus, the statements in paragraph 16 are contradictory. The Court disagrees. In his affidavit, Colabella simply states that he did not know the Illaraza's *personally*. The statement that he had no ill-will towards them is not contradicted by the record and the Court declines to strike these statements.

In sum, the Court finds that plaintiff has not identified any statements in Colabella's affidavit that constitutes a contradiction and will thus deny the motions to strike the aforesaid paragraphs or the affidavit on that ground.

**2. Unsupported Statements**

In his original motion, Luis cited Fed. R. Civ. P. 56 (e) for the proposition that a party must file certified copies of all documents referred to in an affidavit supporting summary judgment. Defendant pointed out that Rule 56(e) has been amended, and that as applied to the instant matter, only requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Plaintiff concedes that the amendment is applicable to this matter but relying on the 2010 Advisory Committee Note to subsection (c) of Rule 56 maintains that Hovensa should have included in the summary judgment record documents or records that Colabella relied upon or referenced in his affidavit. The Committee Note cited by plaintiff provides that

> Subdivision (c)(4) carries forward some of the provisions of former subdivision (e)(1). Other provisions are relocated or omitted. The requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted as unnecessary given the requirement in subdivision (c)(1)(A) *that a statement or dispute of fact be supported by materials in the record*.

(emphasis added.)

Notwithstanding the aforesaid amendment, plaintiff continues to maintain that paragraphs 4, 5 and 12 of Colabella's affidavit do not rely upon documents provided in the record and thus the Court should strike them.

In paragraphs 4 and 5, Colabella avers facts pertaining to the issuance of security badges by Hovensa. Plaintiff objects to the statistical information concerning the number of badges issued in

paragraph 4, and Colabella's reference to Hovensa's procedure for granting or denying a badge. In paragraph 12, Colabella avers

> In 2006, HOVENSA was experiencing an increase in theft around the refinery. Tools and other equipment were missing at an increased rate. The Security Department was focused on identifying the individual or individuals responsible and preventing further theft of HOVENSA property.

Plaintiff contends that the facts referred to by Colabella are not otherwise supported in the record. Hovensa contends that Colabella, as the long-term Director of Administration Services, had personal knowledge of those facts and so relied on them in making his affidavit.

As Rule 56(c)(4) indicates, an affidavit must be made on personal knowledge. *See also Airlines Reporting Corp. v. Belfon*, Civ. Action No. 2003/146, 2010 WL 3664065, at *25 (D.V.I. Sept. 16, 2010) (it is "mandatory . . . that affidavits submitted in support of, or in opposition to, a motion for summary judgment be made on 'personal knowledge.'" (quoting *Henry v. St. Croix Alumna, LLC*, No. CIV.A.99-036, 2007 WL 6030275, at *3 (D.V.I. Aug. 10, 2007)). Moreover, the affidavit must "reveal the basis of the affiant's personal knowledge of the facts attested to so as to be competent evidence under the requirements of Rule 56." *See, e.g., BirckBichler v. Butler County Prison*, 2009 WL 2986611, at *11 (W.D. Pa. Sept. 17, 2009) (citing *Beyah v. Coughlin,* 789 F.2d 986, 990 (2d Cir.1986)).

Here, Hovensa asserts that Colabella, as long-term Director of Administration Services at Hovensa, had personal knowledge of the information cited in the paragraphs cited above and thus, did not need to rely on documents for his statements.

In general, an executive who attests personal knowledge of the facts to which he is testifying and establishes that his position with the company includes oversight of the specific claim, satisfies the requirement of personal knowledge. *See, e.g., BAE Systems Information and Electronic Systems Integration Inc. v. Aeroflex Incorporated,* Civ. No. 09-769-LPS, 2011 WL 3474344, at *7 (D. Del. Aug.

2, 2011) (finding a sufficient basis for personal knowledge in a patent infringement suit where contracts manager of a non-party corporation who received technology from defendant averred that she was directly involved in the company's contracting activities and had assumed responsibility for testing the equipment at issue); *Schindler Architects, Inc. v. Fidelity and Guar. Ins. Underwriters, Inc*., 2007 WL 781918, at *3 (S.D. Fla. March 13, 2007) (finding that insurance company's Executive General Adjuster was competent to testify as to the allocation of funds paid on a claim whose responsibilities included oversight of the claim at issue and who asserted in his affidavit personal knowledge of the facts contained therein); *see also Washington Cent. R. Co., Inc. v. National Mediation Bd*., 830 F. Supp. 1343, 1352-53 (E.D. Wash. 1993) (internal citations omitted) ("[p]ersonal knowledge . . . is not strictly limited to activities in which the declarant has personally participated . . . [but] can come from review of the contents of files and records. Based on personal knowledge of the files and records, a declarant may testify to acts that she or he did not personally observe but which are described in the record . . . .").

In this case, Colabella avers that he has been the Director of Administration Services at HOVENSA since approximately 1998. (Colabella Aff. ¶ 2.) He also avers that the affidavit contains information based on his "personal knowledge or information obtained from the corporate records." The Court finds these averrals deficient. First, the affidavit provides no information concerning the responsibilities entailed by the position of Director of Administration Services or how Mr. Colabella's job duties would bring the facts asserted into the ambit of Colabella's knowledge. *See, e.g., Reynolds v. Department of Army*, Civ. No. 08-2944, 2010 WL 2674045, at *8 (D.N.J. June 30, 2010) (finding that a secretary had not demonstrated personal knowledge of her supervisor's conduct in permitting overtime among employees where secretary failed to state the basis for her knowledge, other than her position, regarding employee overtime); *PNY Technologies, Inc. v. Samsung Electronics Co., Ltd*., Civ. Action Nos. 10-4587, 10-6803, 2011 WL 1630856, at *3 (D.N.J. April 29, 2011) (finding that the affiant failed to establish personal knowledge regarding the intent underlying the contract at issue when the affiant did not sign any of the relevant agreements or aver that she had participated in any of the negotiations

concerning the various agreements); *Arrowood Indem. Co. v. Hartford Fire Ins. Co.*, 774 F. Supp. 2d 636, 648 (D. Del. Mar. 30, 2011) (striking portions of an affidavit because the affiant, a Manager in the Bond Claim Department at Hartford, did not make a showing of personal knowledge that plaintiff was a fraudulent business and that it was insolvent because it was a Ponzi scheme.) Moreover, the reference to "corporate records" falls short of identifying facts that "are described in the record." Rather than striking the affidavit or this portion thereof, the Court will give defendant Hovensa an opportunity "to properly support or address the fact" by either demonstrating the relationship between his job duties or by citing to specific portions of a document that is either in the record or attached to his affidavit. Fed. R. Civ. P. 56(e). Should Hovensa fail to do so within the time allotted by the Order attached to this Opinion, the Court will disregard paragraphs 4, 5 and 12.

**3. Legal Conclusions of Law**

Plaintiff attacks paragraphs 3, 14, 18, 19 and 20 on the ground that the affiant improperly asserts conclusions of law.[3] In paragraph 3, Colabella asserts facts concerning Hovensa's compliance with federal rules when issuing security badges. In paragraph 14, Colabella asserts that Hovensa does not have the authority to arrest an individual and did not make the decision to have Luis or Jose Illaraza or Nelven Noelien arrested or ask to the VIPD to arrest these individuals. In paragraphs 18, 19 and 20, plaintiff objects to Colabella's statement that Alexander John, Lazarus Joseph and Winston Sinanan, employees of Hovensa, are not Hovensa's alter ego. The Court finds that the statements in paragraph 3 and 14 do not constitute conclusions of law.[4] However, the statements in paragraphs 18, 19, and 20 are conclusions of law and thus cannot constitute a factual assertion for purposes of summary judgment. *C.f., PNY Technologies, Inc.*, 2011 WL 1630856, at *2 (affiant's beliefs about the governance of a contract is a legal conclusion that does not raise genuine disputes as to any facts which might underlie such a

[3] Plaintiff also alleges that paragraph 14 is contradictory. The Court disagrees.

[4] Plaintiff also asserts that the facts alleged in paragraph 3 are irrelevant because Hovensa did not assert that it withdrew the Illaraza's badges because of any federal rule or regulation. The Court declines to strike this paragraph on the basis of irrelevance as it can discern what facts are relevant, i.e., material, for purposes of summary judgment.

conclusion). Thus, the Court will disregard the statements that the Hovensa employees named in paragraphs 18, 19 and 20 are "not in a position to act as HOVENSA's alter ego." *See Henry v. St. Croix Alumina, LLC*, Civ. No. 1999/0036, 2007 WL 6030275, at *4 (D.V.I. Aug. 10, 2007) (citing *United States v. John-Manville Corp*., 245 F. Supp. 74, 85 n. 13 (E.D.Pa.1965) (where affidavits contain facts that are intermingled with conclusions of law, the court may disregard conclusions of law and consider the remainder of the affidavit)).

## III. Conclusion

For the foregoing reasons, the Court will deny plaintiff Luis Illaraza's motion to strike the affidavit of Rocco Colabella. However, the Court will disregard conclusions of law asserted in paragraphs 18, 19 and 20. Hovensa will be given the opportunity to properly support facts asserted in paragraphs 4, 5 and 12.

Accordingly, it is hereby

**ORDERED** that Luis Illaraza's motion to strike the affidavit of Rocco Colabella is **DENIED**; it is further

**ORDERED** that Hovensa properly support the facts asserted in paragraphs 4, 5 and 12, in conformity with this Memorandum Opinion no later than 7 days from the date this Order is entered or the Court will disregard those paragraphs for purposes of ruling on Hovensa's motion for summary judgment; it is further

**ORDERED** that Hovensa's request for costs and fees associated with responding to the motion to strike is **DENIED.**

**ENTER**:

Dated: September 23, 2011

__________/s/______________________
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE