# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| LUIS ILLARAZA, | ) | |
| | ) | |
|          Plaintiff, | ) | |
|    v. | ) | |
| | ) | |
| HOVENSA, L.L.C., ANTHONY CRANE | ) | Civil Action No. 2008-0059 |
| INTERNATIONAL, L.P., UNITED STEEL | ) | |
| WORKERS LOCAL UNION 8248, and | ) | |
| UNITED STEEL WORKERS OF AMERICA, | ) | |
| | ) | |
|          Defendants. | ) | |
| _____ | ) | |
| | ) | |
| JOSE M. ILLARAZA, | ) | |
| | ) | |
|          Plaintiff, | ) | |
| | ) | |
|    v. | ) | Civil Action No. 2007-0125 |
| | ) | |
| ANTHONY CRANE INTERNATIONAL, L.P., | ) | |
| and HOVENSA L.L.C., | ) | |
| | ) | |
|          Defendants. | ) | |
| _____ | ) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Eszart A. Wynter, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiffs*

**David J. Cattie, Esq.,**
St. Thomas, U.S.V.I.
    *For the Defendant Anthony Crane International, L.P.*

**Stephanie L. Adler, Esq.,**
Orlando, Florida
    *For the Defendant Hovensa L.L.C.*

**Michael J. Stanford, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendants United Steelworkers*
    *Local Union 8248 and United*
    *Steelworkers of America*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Sanctions Against Lee Rohn and the Law Offices of Rohn and Carpenter, LLC," filed by Defendant Hovensa LLC on April 19, 2011. (Dkt. No. 308).[1] Hovensa seeks sanctions pursuant to Fed. R. Civ. P. 5 and 11, 28 U.S.C. § 1927, and the inherent powers of the Court. Hovensa asserts that Plaintiffs' Motion to Strike the Affidavit of Rocco Colabella (submitted in support of Hovensa's Motion for Summary Judgment) "made meritless arguments that were contradicted by the case law Plaintiff himself provided in the Motion to Strike"; relied on "non-existent legal theories"; included an argument based on an outdated version of Fed. R. Civ. P. 56; and attacked Colabella's personal knowledge of the facts with frivolous arguments. (Dkt. No. 308 at 2). Hovensa also contends that, in Plaintiffs' Responses to Hovensa's Statement of Undisputed Facts ("Responses"), Plaintiffs violated Local Rule 56.1 by denying statements not in dispute, making improper legal and credibility arguments, and mischaracterizing the record evidence. After due consideration of the record in this case, the Court denies the Motion for Sanctions, as it relates to the Motion to Strike and denies the Motion, without prejudice, as it relates to Plaintiffs' Responses.

---

[1] Attorney Rohn was counsel for Plaintiff Luis Illaraza and she also filed an appearance in Plaintiff Jose Illaraza's case. The two cases are consolidated. Hovensa filed its sanctions motion in both cases. For ease of reference, in this Memorandum Opinion, the Court will cite the docket numbers in Luis Illaraza's case, No. 08-cv-59.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are licensed crane and heavy equipment operators who were employed by Anthony Crane International, L.P. ("ACI") at the Hovensa refinery on St. Croix, United States Virgin Islands. According to deposition testimony and written reports detailing the incident at the center of this case, the Hovensa security office received an anonymous tip on August 10, 2006, that an air conditioner would be stolen from Hovensa the next day. (Dkt. No. 264-23). On August 11, 2006, Hovensa security personnel, including its Manager, Jay Galindo, stopped an ACI truck outside of the refinery grounds. ACI's Rigging Superintendent, Nelvin Noelien, was driving the truck in which Luis Illaraza was a passenger. (Dkt. No. 264-40 at 2). In his report detailing his conversation with Noelien, Galindo stated that Noelien admitted to him that he stole the air conditioner; that he was taking it to his house; and that "Jose Illaraza and Luis Illaraza knew about the theft and had assisted him with getting the air conditioner out of the refinery." *Id.* The police arrested Noelien and the Illaraza brothers, and charged them with grand larceny. Following the arrest, Hovensa deactivated the badges of the three men, which rendered them unable to enter the refinery. On July 27, 2007, the government dismissed the charges against the Illarazas without prejudice. (Dkt. No. 265-7). Noelien pleaded guilty to possession of stolen property and served one year of probation. (Dkt. No. 265-19).

In October 2007, Jose Illaraza filed a complaint against ACI, Hovensa, and the local and national Steelworkers Union in the Superior Court of the Virgin Islands, alleging causes of action for wrongful discharge, unlawful arrest, unlawful interference with employment relations, defamation, malicious prosecution, and breach of the duty of fair representation. The Union Defendants removed the case to federal court. Luis Illaraza filed a complaint in federal court against ACI, Hovensa, and the local and national Steelworkers Union in July 2008, alleging

breach of the duty of fair representation, wrongful discharge, defamation, interference with contractual relationship, abuse of process, malicious prosecution, false imprisonment, intentional or negligent infliction of emotional distress, and punitive damages. In October 2008, the two cases were consolidated.

On December 20, 2010, Hovensa filed separate Motions for Summary Judgment with accompanying Statements of Undisputed Facts in both Illaraza cases. In support of its motions, Hovensa attached an affidavit of Rocco Colabella, Hovensa's Director of Administration Services since 1998 (the "Affidavit"). The Affidavit set forth how Hovensa evaluated access to the refinery; the relationship between Hovensa and ACI, the Illarazas' former employer; the events surrounding Plaintiffs' arrest in August 2006 for the alleged theft of Hovensa property; and whether certain Hovensa employees were in a position to act as the company's alter ego. (Dkt. No. 224-1).

On February 28, 2011, Plaintiffs filed their respective Oppositions to Hovensa's Motions for Summary Judgment. Two aspects of Plaintiffs' challenges to Hovensa's Motions form the basis for the instant Motion for Sanctions. First, Plaintiffs challenged the Affidavit of Rocco Colabella by filing a Motion to Strike the Affidavit.[2] Plaintiffs complained that the Affidavit was prepared at the last minute as a "sham affidavit" to support Hovensa's Motion for Summary Judgment, and that it contradicted Colabella's deposition testimony. (Dkt. No. 257). In addition, Plaintiffs contended that some of Colabella's statements were not made on his personal knowledge; that Hovensa should have included as attachments the documents upon which Colabella relied or referenced in his Affidavit; and that the Affidavit contained impermissible

---

[2] Although the title and first paragraph of the Motion to Strike "inadvertently omitted Plaintiff Jose Illaraza's name," Plaintiffs clarified that they "both moved to strike Colabella's affidavit." (Dkt. No. 316 at 2 n.2). The parties have litigated with the understanding that both Plaintiffs filed the Motion to Strike.

conclusions of law that could not constitute factual assertions for purposes of summary judgment. In its Opposition to the Motion to Strike, filed on March 11, 2011, Hovensa challenged each of Plaintiffs' arguments and sought an order granting its "costs and fees associated with responding to this frivolous motion." (Dkt. No. 282 at 13).

Second, Plaintiffs filed their respective Responses to Hovensa's Statements of Undisputed Facts. (Dkt. No. 260). Hovensa points out that Luis Illaraza's Response admitted only eight of Hovensa's 246 statements of fact without some qualifying statement or objection, and Jose Illaraza's Response similarly admitted only five of Hovensa's 261 statements of fact. (Dkt. No. 308 at 2).

On March 16, 2011, Hovensa sent Attorney Rohn a "safe harbor" letter, notifying her of its intent to move for sanctions, and affording her twenty-one days to withdraw Plaintiffs' Motion to Strike the Affidavit and to amend Plaintiffs' Responses to Hovensa's Statement of Undisputed Facts. (Dkt. No. 308 at 4). Plaintiffs did not respond.

Then, on April 19, 2011, Hovensa filed the Motion for Sanctions at issue here, arguing that Plaintiffs' Motion to Strike and Plaintiffs' Responses were so egregious that sanctions were warranted. (Dkt. No. 308). It sought an order requiring Plaintiffs to, *inter alia,* (1) file Amended Statements of Undisputed Facts, and (2) withdraw the Motion to Strike the Affidavit. Hovensa also requested attorney's fees and costs incurred in "evaluating, researching, and drafting the Opposition to the Motion to Strike and this Motion for Sanctions and in evaluating and researching Plaintiff's Response to the Statement of Undisputed Facts." (Dkt. No. 308 at 7).

On May 6, 2011, Plaintiffs moved for additional time to respond to Hovensa's motion for sanctions. (Dkt. No. 316). Plaintiffs sought an extension until five business days after the

5

conclusion of the appeal of the Magistrate Judge's May 4, 2011 Order disqualifying Plaintiffs' counsel, or for thirty days. This motion is still pending.

In a September 26, 2011 Memorandum Opinion and Order, the Court denied Plaintiffs' Motion to Strike the Affidavit as well as Hovensa's request for costs and fees associated with responding to the Motion. (Dkt. No. 355 at 11-12). The Court examined Plaintiffs' contentions that five paragraphs contained contradictory statements, found no contradictions, and denied the motion to strike those paragraphs. The Court further noted that while Hovensa was not required to include as attachments the documents upon which Colabella relied in his Affidavit, it was nevertheless required to support his statements based on his personal knowledge. The Court held that Colabella's statement that the Affidavit contained information based on his "personal knowledge or information obtained from the corporate records" was deficient because it provided no information concerning how his job responsibilities would "bring the facts asserted into the ambit of [his] knowledge," and the reference to corporate records fell "short of identifying facts that are 'described in the record.'" (Dkt. No. 355 at 9, 10). Rather than striking the three paragraphs at issue, the Court provided Hovensa an opportunity to properly support those statements in a supplemental affidavit.[3] Finally, the Court agreed with Plaintiffs that Colabella's statements in three other paragraphs that certain individuals were not Hovensa's alter ego were conclusions of law, and did not "constitute a factual assertion for purposes of summary judgment." (Dkt. No. 355 at 10). Thus, the Court disregarded those statements.

---

[3] Hovensa filed its supplemental affidavit on October 10, 2011, in compliance with the Court's September 26, 2011 Order. (Dkt. No. 367).

## II. DISCUSSION

### A. Standard for Rule 11 Sanctions

Fed. R. Civ. P. 11 provides that when an attorney signs a pleading, motion, or other paper and submits it to the Court, she represents that the document is not presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; that the claims and contentions are warranted by existing law; that the factual contentions have evidentiary support; and that the denials of factual contentions are warranted on the evidence. Fed. R. Civ. P. 11(b)(1)-(4). The Third Circuit has pointed out that Rule 11 imposes an obligation on counsel to "'Stop, Think, Investigate and Research' before filing papers…" *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987).

A party who violates Rule 11 may be sanctioned by awarding the prevailing party reasonable expenses including attorney's fees incurred in preparing the sanctions motion. Fed. R. Civ. P. 11(c). The primary goal of the Rule "is not 'wholesale fee shifting but [rather] correction of litigation abuse.'" *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo*, 835 F.2d at 483). "Although money sanctions are not encouraged under Rule 11, they are not forbidden." *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 301 (3d Cir. 1996).

The standard for imposing Rule 11 sanctions is "stringent, given the propensity of sanctions to exacerbate conflicts between the parties and to increase tensions among all parties involved in litigation, including the private bar and the judiciary." *Harvey v. Sav-U Car Rental*, 2010 WL 2949570, at *5 (D.V.I. July 21, 2010). Sanctions are prescribed "only in an 'exceptional circumstance . . . where a claim or motion is patently unmeritorious or frivolous.'" *Id.* (quoting *Doering*, 857 F.2d at 194). Rule 11 sanctions do not require a showing of bad

faith—the party to be sanctioned "need only have engaged in objectively unreasonable conduct in filing the pleading or in later advocating it." *Nufrio v. Quintavella*, 2012 WL 458437, at *2 (D.N.J. Feb. 10, 2012) (citing *In re Taylor*, 655 F.3d 274, 282 (3d Cir. 2011)). A "district court's choice of deterrent is appropriate when it is the *minimum* that will serve to *adequately* deter the undesirable behavior." *Doering,* 857 F.2d at 194. When assessing sanctions, a district court may consider a number of mitigating factors, such as the conduct of the parties, an ability to pay sanctions, an attorney's history of filing frivolous actions, the defendant's need for compensation, and the degree of frivolousness of the filing. *Id.* at 197 & n.6.

### B. Standard for Sanctions Pursuant to 28 U.S.C. § 1927 and the Inherent Power of the Court

Title 28, Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Section 1927 'requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct.'" *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008) (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002)). "'[T]he principal purpose of sanctions under § 1927 is 'the deterrence of intentional and unnecessary delay in the proceedings.'" *Id.* (quoting *Zuk*, 103 F.3d at 297).

Federal courts also possess the inherent power to "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421

U.S. 240, 258-59 (1975)). "A court may resort to its inherent power to impose sanctions even if much of the misconduct at issue is also sanctionable under statute or rules of court." *Prudential*, 278 F.3d at 189. But "[a] court must . . . exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Chambers*, 501 U.S. at 50. Thus, "a finding of bad faith is usually required" before sanctions based on a court's inherent powers are ordered. *Prudential*, 278 F.3d at 181 & n.4. Generally, a court should not resort to such sanctions unless "'the conduct of a party or an attorney is egregious and no other basis for sanctions exists.'" *Id.* at 189 (quoting *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995)).

### C. Analysis

The focus of Hovensa's Motion for Sanctions is on two filings by Plaintiffs. First, Hovensa asserts that Plaintiffs' Motion to Strike is meritless, since Colabella had personal knowledge of the information to which he attested; the statements in his Affidavit did not flatly contradict his previous deposition testimony; it was improper to attack his credibility via a motion to strike; and the argument that Colabella failed to attach documents upon which he relied to his Affidavit was based on an outdated version of Rule 56.

Second, Hovensa claims that Plaintiffs' Responses constitute, in essence, an additional opposition to its motion for summary judgment. Hovensa points out that Local Rule 56.1(b) allows a party to: (1) agree that a fact is undisputed; (2) agree that the fact is undisputed for purposes of ruling on the motion for summary judgment only; or (3) demonstrate that the fact is disputed. According to Hovensa, Plaintiffs did not comply with the Local Rule when they, *inter alia*, denied statements that were not in dispute, proffered legal or credibility arguments, and/or mischaracterized the record.

9

In Hovensa's view, all of these failures were willful and warrant sanctions. Hovensa claims that it has incurred significant attorney's fees and costs in drafting its opposition to the Motion to Strike and its Motion for Sanctions, and in evaluating Plaintiffs' Responses. Plaintiffs did not respond to the sanctions motion, having asked for an extension of time that the Court has not addressed.[4]

### 1. Plaintiffs' Motion to Strike

Although the Court denied Plaintiffs' Motion to Strike in its September 26, 2011 Memorandum Opinion and Order, it found that some of Plaintiffs' contentions had merit. Specifically, the Court stated that it would disregard the conclusions of law asserted in three of the Affidavit's paragraphs, and found that Hovensa failed to properly support certain facts asserted in three other paragraphs. Moreover, in those instances where the Court rejected Plaintiffs' arguments, it did not suggest that the arguments Plaintiffs advanced were "patently unmeritorious or frivolous." *Doering*, 857 F.2d at 194. Indeed, in denying Hovensa's request for fees and costs associated with its opposition to the motion, the Court signaled that Plaintiffs' position was not so frivolous, lacking in merit, and ill-spirited to warrant a departure from the general rule against fee shifting. *See Springel v. Prosser (In re Innovative Commc'n Corp.)*, 2011 WL 3439291, at *48 (Bankr. D.V.I. Aug. 5, 2011) (opining that American Rule "generally does not permit recovery of attorneys' fees by the prevailing party," absent a reason such as bad faith or harassment).

Hovensa asks the Court to grant sanctions based on the alleged unmeritorious and frivolous nature of the Motion to Strike. Because this Court has previously determined that some of Plaintiffs' arguments in its Motion to Strike had merit, and the Court further denied Hovensa's

---

[4] In view of the Court's resolution of this matter, a response from Plaintiffs is not necessary.

request for attorney's fees and costs associated with opposing the motion, Plaintiffs' Motion to Strike does not rise to the level of the "exceptional circumstance" that would warrant sanctions under Rule 11.  *Doering,* 857 F.2d at 194.

Similarly, § 1927 sanctions are not warranted for Plaintiffs' Motion to Strike. This statute requires "a finding of willful bad faith, not merely a showing of objectively unreasonable conduct." *Administrator-Benefits for ExxonMobil Savings Plan v. Williams*, 2009 WL 5204482, at *3 (D.V.I. Dec. 21, 2009).  No such showing has or could be made here, in view of the conclusions in the Court's September 2011 Memorandum Opinion discussed above.  For the same reasons, sanctions are not warranted pursuant to the inherent powers of the Court.

Accordingly, the Court denies Hovensa's Motion for Sanctions to the extent it relies on alleged infirmities in Plaintiffs' Motion to Strike.

### 2. Plaintiffs' Responses to Hovensa's Statement of Undisputed Facts

With regard to Plaintiffs' Responses, Hovensa complains that some were based on the same objections to the Affidavit contained in the Motion to Strike; some were "confusing"; some denied statements not in dispute, or did not admit or deny at all; and many included improper legal or credibility arguments and/or, in Hovensa's view, mischaracterized the record.

The Court does not condone attorneys playing fast and loose with the Local Rules, nor will it tolerate gamesmanship that simply increases the cost and contributes to undue delay in the litigation process. At the same time, the Court recognizes that the standard for imposing sanctions is "stringent" (*Harvey,* 2010 WL 2949570, at *5), and that sanctions are prescribed only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Doering*, 857 F.2d at 194.  The Third Circuit emphasizes that the primary goal of Rule 11 is "correction of litigation abuse," and that the "district court's choice of deterrent is

appropriate when it is the *minimum* that will serve to *adequately* deter the undesirable behavior." *Id.* Given the Circuit's cautious language, which urges courts to calibrate sanctions "'to the least severe level necessary'" to serve the purposes of the Rule, both the imposition and type of sanctions require a careful, deliberate assessment of all of the relevant facts and circumstances surrounding the issues raised to insure that sanctions are appropriately imposed. *Zuk*, 103 F.3d at 301 (citation omitted). In this regard, a sanctions motion should not serve as a knee-jerk litigation strategy simply to punish an opponent. This is especially so in view of the fact that a sanctions motion can take on a life of its own and can "'spawn satellite litigation counter-productive to efficient disposition of cases,'" in addition to exacerbating conflicts and increasing tensions among the parties involved. *Doering*, 857 F.2d at 194 (citation omitted). Nonetheless, sanctions clearly have their place and are appropriate to "correct[ ] litigation abuse" and "adequately deter . . . undesirable behavior." *Id.*

The importance of a careful review of sanctions issues, together with the appropriate timing of such motions, was highlighted in this litigation where Hovensa filed a Motion for Sanctions based partially on the litigation surrounding the Motion to Strike. As it turned out, in ruling on the Motion to Strike, the Court found that certain of Plaintiffs' contentions actually had merit—contentions that Hovensa had characterized in its Motion for Sanctions (filed prior to the Court rendering an opinion on the Motion to Strike) as "entirely frivolous," without a "legal basis" and propounded for an "improper purpose." (Dkt. No. 308 at 7, 9, 10). With the benefit of hindsight, it can be said that the motion for sanctions was premature.

The Court appreciates the damning nature of the allegations in the Sanctions Motion as it relates to Plaintiff's Responses. Nonetheless, the timing of the motion raises the same potential of prematurity as with the Motion to Strike, particularly in the context of this litigation. The

12

Sanctions Motion was filed against a backdrop of voluminous summary judgment filings. For example, Hovensa filed 246 Statements of Undisputed Fact and over 1500 pages of exhibits with its motion for summary judgment on Luis Illaraza's Complaint. Luis Illaraza countered with a 150-page response to Hovensa's Statement of Undisputed Facts, an eighty-six page memorandum of law, and over 900 pages of exhibits. Jose Illaraza's case contained filings of equal magnitude. If the Court were to assess sanctions, it would do so only after a careful assessment of the merits of the filings and whether counsel engaged in objectively unreasonable or egregious conduct—a determination that would be more evident after the Court has had an opportunity to evaluate the filings in the context of resolving the summary judgment motions.

Upon consideration of the particular facts presented here,[5] the Court is mindful that it possesses the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 29 U.S. 248, 254 (1936). That inherent power includes a court's ability to "manage its caseload, control its docket, and regulate the conduct of attorneys before it." *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d Cir. 1985). For the foregoing reasons and in an effort to manage the litigation in this case, the Court denies as premature, without prejudice, that part of Hovensa's Motion for Sanctions, based on Plaintiffs' Responses to Hovensa's Statement of Undisputed Facts.

### III. CONCLUSION

In view of the foregoing, the Court denies Hovensa's Motions for Sanctions against Lee Rohn and the Law Offices of Rohn and Carpenter, LLC (Dkt. No. 308 in 08-cv-059 and Dkt. No. 301 in 07-cv-125), to the extent that the Motions are based on Plaintiffs' Motion to Strike the

---

[5] In addition to the foregoing, Hovensa's sanctions motion as it relates to Plaintiffs' Responses essentially requires the Court to resolve Hovensa's motion for summary judgment by assessing which of Plaintiffs' Responses include improper argument, deny statements not in dispute, or mischaracterize the record.

Colabella Affidavit. In addition, the Court denies, without prejudice, Hovensa's Motions for Sanctions against Lee Rohn and the Law Offices of Rohn and Carpenter, LLC (Dkt. No. 308 in 08-cv-059 and Dkt. No. 301 in 07-cv-125), to the extent that the Motions are based on Plaintiffs' Responses to Hovensa's Statement of Undisputed Facts. The Court also denies as moot Plaintiffs' Motion for an Extension of Time to Respond to the Motions for Sanctions. (Dkt. No. 316 in 08-cv-0059 and Dkt. No. 309 in 07-cv-125).

    An appropriate Order accompanies this Memorandum Opinion.

Date: March 31, 2012                                                          _____/s/_____
                                                                                  WILMA A. LEWIS
                                                                                  District Judge