## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| LUIS ILLARAZA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| HOVENSA, L.L.C., ANTHONY CRANE | ) | Civil Action No. 2008-0059 |
| INTERNATIONAL, L.P., UNITED STEEL | ) | |
| WORKERS LOCAL UNION 8248, and | ) | |
| UNITED STEEL WORKERS OF AMERICA, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |
| | ) | |
| JOSE M. ILLARAZA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 2007-0125 |
| | ) | |
| ANTHONY CRANE INTERNATIONAL, L.P., | ) | |
| and HOVENSA L.L.C., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**Attorneys:**
**Eszart A. Wynter, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff Luis Illaraza*

**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendants United Steelworkers of America*
    *and United Steelworkers of America Local Union #8248*

### MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the Motion for Summary Judgment by the

United Steelworkers of America and United Steelworkers of America Local Union #8248 (the

"Union Defendants"). (Dkt. No. 204). The Union Defendants seek summary judgment on Count 1 of Plaintiff Luis Illaraza's First Amended Complaint, which alleges a "hybrid" section 301 cause of action brought under the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 159 and 185. Plaintiff did not file a response to the Union Defendants' motion. As discussed below, the Court concludes that the statute of limitations bars Plaintiff's breach of the duty of fair representation claim and, in any event, that the claim fails on the merits. Accordingly, the Court will grant the Union Defendants' Motion for Summary Judgment.

## I.  BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff Luis Illaraza is a licensed crane and heavy equipment operator who was employed by Anthony Crane International, L.P. ("ACI"). ACI was a contractor that worked for Hovensa at its refinery on St. Croix, United States Virgin Islands. (Dkt. No. 264-13 at 9).

According to deposition testimony and written reports detailing the incident at the center of this case, the Hovensa security office received an anonymous tip on August 10, 2006 that an air conditioner would be stolen from Hovensa the next day. (Dkt. No. 264-23). On August 11, 2006, Hovensa security personnel, including its Manager, Jay Galindo, stopped an ACI truck outside of the refinery grounds. ACI's Rigging Superintendent, Nelvin Noelien, was driving the truck in which Plaintiff was a passenger. (Dkt. No. 264-40 at 2). In his report detailing his conversation with Noelien at the scene, Galindo stated that Noelien admitted that he stole the air conditioner; that he was taking it to his house; and that "Jose Illaraza and Luis Illaraza knew about the theft and had assisted him with getting the air conditioner out of the refinery." *Id.* The police arrested Noelien and the Illaraza brothers, and charged them with grand larceny. Following the arrest, Hovensa deactivated the badges of the three men, which rendered them unable to enter the refinery grounds. On July 27, 2007, the government dismissed the charges

against the Illarazas without prejudice. (Dkt. No. 265-7). Noelien pleaded guilty to possession of stolen property and served one year of probation. (Dkt. No. 265-19).

ACI had a Collective Bargaining Agreement ("CBA") with the Steelworkers Union. Luis Illaraza and his brother Jose Illaraza were members of the union. (Dkt. No. 265-26). Section 3.1 of the CBA provides that "The Union acknowledges that all employees must have workplace clearance to be employed by [ACI]." (Dkt. 265-26 at 3).

Edwin Francis, President of the Local Steelworkers Union, asserted that the Illarazas met with him in August 2007, after the criminal charges had been dismissed, in an effort to get their jobs back. On their behalf, Francis sent the notice of dismissal of the charges to ACI and demanded that ACI put the Illarazas back to work. (Dkt. No. 205-1 at 15, ¶¶ 2, 3). ACI informed Francis that it wanted the Illarazas to return to work, as they were good employees. (*Id.* ¶ 4). ACI's Regional Vice President, James Workman, then wrote a letter to Rocco Colabella, Hovensa's Director of Administration Services, stating that ACI had received a letter from Francis containing the notice of dismissal of the charges against the Illarazas; that ACI had suspended the Illarazas pending the results of the theft investigation; and that, in light of the dismissal of the charges and in accordance with the CBA, ACI had to return both Illarazas to their positions. Workman requested workplace clearance so the Illarazas could enter the refinery. (Dkt. No. 219-22 at 1).

By letter dated August 16, 2007, Colabella answered Workman's letter. (Dkt. No. 219-22 at 2). He stated that, even though the criminal charges against the Illarazas had been dismissed, "due to the admitted theft of HOVENSA property, a violation of our Plant Rules and Procedures, we cannot grant access to the refinery to the individuals." (*Id.*).

On the same day that Francis received the copy of the Colabella letter from ACI—a day or two after August 16, 2007—he met with the Illarazas and gave them a copy. (Dkt. No. 205-1 at 16, ¶¶ 8-10). Francis told them that because Hovensa continued to deny them workplace clearance, there was nothing more the Union could do—such as filing a grievance on their behalf—because, in his view, ACI did not violate the collective bargaining agreement and had nothing to do with the Illarazas being out of work or being charged with theft: "It was HOVENSA." (Doc. 205-1 at 21). Francis averred that the Illarazas never contacted him after that meeting. (Doc. 205-1 at 16, ¶ 10).

Luis Illaraza confirmed Francis's account of the meeting. He recalled that Francis told him that there was nothing more he—as the union representative—could do, and that he should get an attorney "to fight the case." (Dkt. No. 205-1 at 11). Plaintiff did not contact Francis or any other Union representatives after that date. (*Id.* at 12, 14).

Luis Illaraza filed a Complaint in federal court against ACI, Hovensa, and the Union Defendants in July 2008 and an Amended Complaint in July 2010. Count 1 of his Amended Complaint alleges that the Union Defendants breached their duty of fair representation, in violation of Section 301 of the LMRA, when they "arbitrarily failed to adequately investigate, process and present, and argue Plaintiff's grievance, and handled Plaintiff's grievance in a grossly negligent and perfunctory manner." (Dkt. No. 190, ¶ 51). In September 2010, the Union Defendants filed a motion for summary judgment in Luis Illaraza's case. (Dkt. No. 204).

On September 29, 2010, Plaintiff filed a motion seeking a two-week extension of time (until October 13, 2010) to respond to the Union Defendants' motion for summary judgment. (Dkt. No. 211). The Court granted that Order, *nunc pro tunc*, on December 2, 2010. (Dkt. No.

217). Luis Illaraza never filed a response to the Union Defendants' motion for summary judgment.

## II.   DISCUSSION

### A.  Standard of Review

On a motion for summary judgment, the movant must show that there is "no genuine dispute as to any material fact," such that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To be material, a fact must have the potential to alter the outcome of the case. *See Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). "'Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.'" *N.A.A.C.P. v. N. Hudson Regional Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (citation omitted). In adjudicating a summary judgment motion, the court must view the facts "in the light most favorable to the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "After the movant shows that there is no genuine issue for trial, the non-moving party then bears the burden of identifying evidence that creates a genuine dispute regarding material facts." *N. Hudson*, 455 F.3d at 475 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Notwithstanding that Luis Illaraza failed to respond to the Union's motion for summary judgment, the Court may not simply grant the Union Defendants' motion because "[t]he failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The

5

moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]"); *cf.* LRCi 56.1(d) ("Failure to respond to a movant's statement of material facts . . . as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment.").

### B.  Hybrid Action under § 301

Plaintiff's First Amended Complaint alleges "hybrid" claims under section 301 of the LMRA. (Dkt. No. 190, ¶ 1). In such an action, "a union member sues his or her employer for breaching its contractual obligations under the collective bargaining agreement and the union for breaching its duty of fair representation." *Beidleman v. Stroh Brewery Co.*, 182 F.3d 225, 236 (3d Cir. 1999) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983)). Section 301 claims are known as "hybrid" claims because they are "inextricably interdependent" in that "the plaintiff will have to prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa." *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993). "A party seeking to recover on a 'hybrid' § 301 claim against the employer must prove both that the employer violated the collective bargaining agreement and that the union breached its duty of fair representation[.]" *Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 994 (8th Cir. 2006). Both halves of the hybrid claim must survive summary judgment in order for a hybrid claim to proceed to trial. Failure on one claim is fatal to the whole. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 595 (3d Cir. 2005) (dismissing entire section 301 claim because the plaintiff failed to demonstrate question of

material fact on his breach of contract claim); *Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 631 (6th Cir. 2009) ("[B]oth halves are essential.").

Plaintiff Luis Illaraza's claim against the Union Defendants focuses on the duty of fair representation element of the hybrid § 301 claim. "A union has a duty under § 9(a) of the National Labor Relations Act ("NLRA") to fairly represent its members." *Acosta v. Hovensa, LLC*, 2010 WL 695693, at *4 (D.V.I. Feb. 23, 2010) (citing *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). This duty arises out of the union-employee relationship and the LMRA, 29 U.S.C. §§ 158-159, which "creates and defines that relationship." *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 961 (3d Cir. 1980). A union breaches this duty of fair representation if its conduct towards an employee is "'arbitrary, discriminatory, or in bad faith.'" *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Vaca*, 386 U.S. at 190)). A union's actions are "arbitrary" only if, "in light of the factual and legal landscape at the time of the union's actions," the union's behavior is so far outside "'a wide range of reasonableness'" as to be "irrational." *Id.* (citation omitted). This is an "extremely deferential standard" that precludes courts from "substitut[ing] their judgment for that of the union, even if, with the benefit of hindsight, it appears that the union could have made a better call." *Ooley v. Schwitzer Div., Household Mfg. Inc.*, 961 F.2d 1293, 1302 (7th Cir. 1992). Moreover, "'[a] union does not act arbitrarily simply because it does not pursue a grievance that it has decided lacks merit.'" *Acosta*, 2010 WL 695963, at *5 (citation omitted). Finally, "[a] union acts in bad faith if it acts fraudulently, dishonestly or deceitfully." *St. Martine v. Keystone Freight Corp.*, 2012 WL 645931, at *6 (E.D. Pa. Feb. 28, 2012).

### C. Analysis

In their motion for summary judgment, the Union Defendants assert two arguments: (1) Plaintiff filed his complaint outside the six-month statute of limitations period for a duty of fair representation claim; and (2) even if Plaintiff had asked the Union to file a grievance, there was no basis to do so, and thus the Union did not act arbitrarily, discriminatorily, or in bad faith as is required to prove such a claim. (Dkt. No. 205).

### 1. The Statute of Limitations

Hybrid causes of action under Section 301 are subject to a six-month statute of limitations. *Albright v. Virtue,* 273 F.3d 564, 566 (3d Cir. 2001) (citing *DelCostello*, 462 U.S. at 171-72). The duty of fair representation limitations period "begins to run when the plaintiff knows or reasonably should have known of the acts contributing to the union's wrongdoing in failing to adequately represent the member's interests." *Podobnik,* 409 F.3d at 593. In other words, the statute of limitations begins to run when "'the plaintiff receives notice that the union will proceed no further with the grievance.'" *Albright*, 273 F.3d at 572 (citation omitted).

Luis Illaraza filed his Complaint on July 8, 2008. In order for his duty of fair representation claim to have arisen within the limitations period, he would have had to have received notice from the Union that it would proceed no further with his grievance or otherwise represent his interests by January 8, 2008 or later. However, the undisputed evidence shows that Plaintiff was told by the Union representative in mid-August 2007—over four months outside the limitations period—that the Union could do nothing more on his behalf. (Dkt. No. 205-1 at 2-4, ¶¶ 11-15; Dkt. No. 205-1 at 16, ¶¶ 7-10). Accordingly, the statute of limitations bars Plaintiff's duty of fair representation claim.

### 2.  The Duty of Fair Representation

Even assuming that Plaintiff Luis Illaraza's Complaint was timely, the Union Defendants would still be entitled to summary judgment on the merits of Plaintiff's duty of fair representation claim. In his Amended Complaint, Luis Illaraza alleges that the Union breached its duty of fair representation by failing to adequately investigate, present, and argue a grievance on his behalf.

Francis testified that the Union would not grieve the issue because, although ACI wanted Plaintiff to return to work, *Hovensa* refused to provide Plaintiff with the necessary workplace clearance. Because the CBA between the Union and ACI provided that "all employees must have workplace clearance to be employed by [ACI]," Plaintiff could not work for ACI. (Dkt. No. 265-26 at 3). Since the Union did not have a collective bargaining agreement with Hovensa, it had no grounds to challenge Hovensa's decision not to grant Plaintiff access to its refinery. Under these circumstances, where Hovensa, not ACI, controlled workplace clearance, the Union's decision not to file a grievance was well within the "'wide range of reasonableness' within which unions may act without breaching their fair representation duty." *O'Neill*, 499 U.S. at 79 (citation omitted). In addition, there is no record evidence that the Union Defendants' decision not to pursue a grievance was made in bad faith or as a result of discrimination. Accordingly, Plaintiff Luis Illaraza's claim against the Union Defendants fails on the merits.

### III.    CONCLUSION

For the foregoing reasons, the Court finds that there is no genuine issue as to any material fact, and the Union Defendants are entitled to judgment as a matter of law on Plaintiff Luis Illaraza's hybrid Section 301 claim. An appropriate Order accompanies this Memorandum Opinion.

DATED: September 19, 2012                          _____/s/_____
                                                                              WILMA A. LEWIS
                                                                              District Judge